IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SLAUGHTER,

    Plaintiff,                      No. CIV S-03-0217 MCE KJM P

    vs.

SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT, et al.,      ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On January 11, 2005, defendants Blanas, Foster, Lewis, Waterstadt and Cooper filed a motion to dismiss. On February 7, 2005, plaintiff filed an opposition to defendants' motion, which the court construed as including a request for leave to amend. On March 17, 2005, the court granted plaintiff thirty days within which to file a third amended complaint. Plaintiff was informed that if he failed to file a third amended complaint within thirty days, the court would proceed to resolve defendants' motion to dismiss. The thirty day period has now expired and plaintiff has not filed a third amended complaint. Therefore, the court will determine defendants' motion to dismiss.

/////

/////

1

I. <u>Motion To Dismiss Standard</u>

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), <u>citing</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> also <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

II. <u>Defendants' Argument And Analysis</u>

Defendants claim that plaintiff's second amended complaint fails to state a claim upon which relief can be granted and that the court lacks jurisdiction over plaintiff's allegations. In his second amended complaint, plaintiff asserts the conditions of the showers at the Sacramento County Jail, at the relevant time period, were dangerous, that the defendants who have now appeared in this action were aware of as much, they failed to make the showers safe despite their knowledge, and plaintiff eventually was hurt due to the unsafe conditions. Liberally construing plaintiff's pro se pleadings, as the court must do, <u>see</u> <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987), plaintiff states a claim for a violation of the Eighth Amendment. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1991). Furthermore, the facts pled are sufficient to establish that the court has jurisdiction over this matter as required by Rule 8(a) of the Federal Rules of Civil Procedure. Therefore, the court will recommend that the motion to dismiss filed by defendants Blanas, Foster, Lewis, Waterstadt and Cooper be denied and that they be ordered to file their answer within twenty days.

/////

III. Defendant B. Blannas

On December 7, 2005, the court ordered the United States Marshal to serve plaintiff's second amended complaint on defendants including defendant B. Blannas. It appears the Marshal has not served defendant B. Blannas because the USM-285 form concerning B. Blannas submitted by plaintiff on November 30, 2005 was not completed correctly. See Process Receipt and Return filed March 21, 2005. Good cause appearing, plaintiff will be given a second and final opportunity to complete a USM-285 for defendant B. Blannas so that service of process may be completed on him.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send to plaintiff one USM-285 form, a blank summons, an instruction sheet, and a copy of the second amended complaint filed March 10, 2004;

2. Within sixty days from the date of this order, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court, with the following documents:

   a. One completed USM-285 form for defendant B. Blannas;

   b. Two copies of the endorsed second amended complaint filed March 10, 2004; and

   c. One completed summons.

IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss filed by Defendant Blanas, Foster, Lewis, Waterstadt and Cooper's January 11, 2005 be denied; and

2. Defendants Blanas, Foster, Lewis, Waterstadt and Cooper be ordered to file their answer within twenty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

3

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within ten days after service of the objections.  The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7  DATED: May 25, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1
slau0217.57

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SLAUGHTER,

     Plaintiff,

vs.

SACRAMENTO COUNTY, SHERIFF'S DEPARTMENT, et al.,

     Defendants.

     /

No. CIV-S-03-0217 MCE KJM P

NOTICE OF SUBMISSION OF DOCUMENTS

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

     _____ completed summons form

     _____ completed USM-285 forms

     _____ copies of the _____
                          Second Amended Complaint

DATED:

                                          _____
                                          Plaintiff